UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**KARIN SPURLING**
    Petitioner

**v.**                                                                        **No. 3:04CR-00020-R**

**UNITED STATES OF AMERICA**
    Respondent

## MAGISTRATE JUDGE'S REPORT
## and RECOMMENDATION

In June of 2004, pursuant to a written plea agreement, the petitioner pled guilty to two counts of 18 U.S.C. § 1920 ("False statement or fraud to obtain Federal employees' compensation"). The petitioner was represented by the Honorable Fred Radolovich. In October of 2005, the petitioner, through Mr. Radolovich, filed a petition for writ of error coram nobis requesting that "[h]er sentence/conviction should be vacated or, minimally, amended to delete the restitution requirement"(Memorandum, Docket Entry No. 51, p. 3, unnumbered). On February 9, 2006, district judge Thomas B. Russell granted the petitioner's attorney leave to withdraw as counsel (Docket Entry Nos. 58 and 59). Thereafter, the petitioner filed a pro-se "affidavit" dated May 12, 2006, supplementing the pending petition in which she added new claims in support of her petition. The new claims were premised upon ineffective assistance of counsel in connection with her guilty pleas. The respondent has responded to the coram nobis petition as supplemented by the affidavit (Docket Entry Nos. 70 and 75). Therein, the respondent seeks dismissal of the new ineffectiveness claims as barred by the one-year statute of limitations established by 28 U.S.C. § 2255 (Docket Entry No. 70), and alternatively, seeks dismissal of said claims as being without merit (Docket Entry No. 75). There has been no reply to the response. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

## Background and Summary of Claims

In December of 2004, the petitioner pled guilty. In June of 2004, the Department of Labor Employee's Compensation Appeals Board issued a decision absolving the petitioner of responsibility to repay benefits previously sought by the Department. The petitioner indicates that she "prosecuted her administrative appeal, pro se, successfully" (Affidavit, Docket Entry No. 66, p. 3). The present coram nobis petition was filed on or about October 31, 2005 (Docket Entry No. 51). As noted above, the petitioner's trial counsel, Mr. Radolovich, prepared the original petition. The substance of the argument was that the petitioner could not have had the requisite criminal intent to make a false statement when she placed "N/A" on a government disability payment form and left another question blank when the administrative body ultimately responsible for interpreting the form determined, in effect, that the form did not put the petitioner on sufficient notice of any responsibility to report secondary employment to subject her to civil liability to repay an overpayment (Docket Entry No. 51).

In her pro-se affidavit, the petitioner now argues that counsel was ineffective for advising her to plead guilty because "Mr. Radolovich ... deceived affiant into believing [1] [s]he would not be a convicted felon; [2] her record would be expunged; [3] she would not have to make restitution" (Docket Entry No. 66).

## The Prior R&R and the Petitioner's Original Claims

In a prior report and recommendation (R&R), which was adopted by the district judge, the petitioner's original claims, as articulated by Mr. Radolovich, were implicitly disposed of on the merits by way of obiter dicta (Docket Entry Nos. 56 and 57). The focus of the prior R&R was the respondent's contention that the "waiver of collateral attack" provision of the written plea agreement

2

was dispositive of all potential claims (plea agreement, Docket Entry No. 35, paragraph 12). The undersigned stated in passing that *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), requires that, after a defendant pleads guilty, she "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice [s]he received from counsel [to plead guilty]" rose to the level of ineffective assistance of counsel (Docket Entry No. 56, p. 5). In other words, in light of the petitioner's guilty pleas, to the extent her original claims are not premised upon an explicit or implicit allegation of ineffective assistance of counsel, they are without merit. The respondent has registered its agreement with the foregoing conclusion, stating that "the magistrate judge correctly noted that in order to overcome the plea agreement waiver of post-conviction rights, the instant petition would have to be based on an underlying ineffective assistance of counsel claim" (Docket Entry No. 62, p. 2). In her affidavit, the petitioner has re-articulated her original claims in terms of ineffective assistance of counsel. Therefore, without prejudice to the petitioner's position, the court may deem the petitioner's original claims to be without merit and/or assimilated into her new ineffectiveness claims.

### Docket Entry No. 70:
### The Statute of Limitations Is Inapplicable

In response to the ineffectiveness claims, the respondent argues as follows (Docket Entry No. 70, p. 2):

1. "[T]his Petition should be construed as a motion pursuant to 28 U.S.C. § 2255. In any case, because a coram nobis proceeding and a § 2255 proceeding are substantially similar, the § 2255 procedures are properly applied by analogy, in coram nobis cases. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir., 1996); see *Pitts v. United States*, 763 F.3d 197, 198 n. 1 (6th Cir., 1985)."

2. A section 2255 motion is subject to a one-year statute of limitations pursuant to paragraph 6 of section 2255.

3. The limitations period has run.

4. Therefore, the petition must be dismissed.

For the following reasons, the magistrate judge concludes that the respondent's argument is unpersuasive because the statute of limitations is inapplicable herein:

a. The present petition is properly characterized as pursuant a writ of error coram nobis for the reasons identified in the prior magistrate judge's report, to-wit (Docket Entry No. 56, p. 2):

> The present petition was filed on or about November 1, 2005, after her term of probation had expired. ... A district court's authority to issue a writ of error coram nobis comes from the All Writs Act, 28 U.S.C. § 1651, and is exercised "to vacate a federal sentence or conviction when a § 2255 motion is unavailable – generally, when the petitioner has served his sentence completely and thus is no longer in custody as required for § 2255 relief." *Blanton v. United States*, 94 F.3d 227, 231 (6th Cir., 1996).

b. "Because a petition for writ of error coram nobis is a collateral attack on a criminal conviction, the time for filing a petition is not subject to a specific statute of limitations." *United States v. Kwan*, 407 F.3d 1005, 1012 (9th Cir., 2005); see also *United States v. Morgan*, 346 U.S. 502, 507 (1954) (explaining that coram nobis petitions are allowed "without [specific] limitation of time"). Nevertheless, coram nobis petitions are subject to dismissal on timeliness grounds pursuant to the equitable doctrine of laches, which bars a claim if unreasonable delay causes prejudice to the respondent. See *Blanton*, supra.

c. The cases cited by the respondent (*Blanton* and *Pitts*) were rendered prior to enactment of paragraph 6 of section 2255. They do not support a conclusion that coram nobis petitions are subject to the statute of limitations. The magistrate judge is unaware of any authority for the

4

proposition that petitions properly brought as coram nobis petitions are subject to any specific statute of limitations.

    d.  The present petition is not subject to dismissal pursuant to the one-year period of limitations applicable to motions brought pursuant to section 2255.

    e.  The respondent has not alleged and it is not apparent that the respondent has been prejudiced by the petitioner's delay, if any, in presenting her claims and/or that laches is otherwise applicable.

    f.  Therefore, the respondent's argument is unpersuasive, and the statute of limitations is inapplicable.

### Docket Entry No. 70:  Alternative Findings and Conclusions: The Respondent's Argument Is Unpersuasive

In the event the court rejects the foregoing and concludes that the one-year statute of limitations is applicable herein, the magistrate judge submits the following for the court's convenience. We begin with a brief chronology of events. In June 2004, pursuant to a written plea agreement, the petitioner pled guilty to two counts of making a false statement to obtain federal employee disability compensation. On or about October 6, 2004, the court entered its judgment and commitment order (Docket Entry No. 42). On or about October 15, 2004, the court entered an amended judgment (Docket Entry No. 44). In December of 2004, the Department of Labor Employee's Compensation Appeals Board issued a decision absolving the petitioner of responsibility to refund any overpayment of benefits. The present petition was filed on or about October 31, 2005 (Docket Entry No. 51).

Paragraph 6 of 28 U.S.C. § 2255 mandates as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

With respect to the first possibility, amended judgment of conviction was entered herein on or about October 15, 2004. The petitioner did not appeal. Therefore, at the latest, judgement of conviction became "final" as contemplated by the above statute ten days later on or about October 25, 2004. See *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir., 2004) ("when a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed. In most cases, that period is ten days, pursuant to Fed. R.App. P. 4(b)(1)"). Under this scenario, the petition would have been untimely filed on or about October 31, 2005. However, for the reasons indicated below, the respondent's position apparently is that subsection 1 of the above statute is inapplicable. The second and third subsections also are inapplicable.

The respondent argues that the running of the petitioner's one-year period of limitations was triggered by the fourth and final possibility and that said period commenced running in December of 2004, when the Department of Labor issued its decision, to-wit (Docket Entry No. 70, p. 2):

> Spurling initially avoided the one year period of limitations by relying on the Board decision as newly discovered evidence. Her argument initially was that she wished to obtain collateral benefit from the Board decision in her case.

The magistrate judge agrees with this aspect of the respondent's argument.

> However, the respondent further argues as follows (Docket Entry No. 70, pp. 2-3):

> Now that her foot is in the door, she seeks to expand her argument to claims of ineffective assistance of counsel. These facts are not newly discovered, but rather occurred all before judgment was entered. After that judgment became final, the one year limitations period began to run, and it expired before she filed her petition on October 31, 2005.

> Because the Affidavit and supporting documents address arguments that should be barred by the applicable limitations period, the Court should then rule on her argument as originally stated (regarding whether she is entitled to collateral benefit from the Board decision in her case), to which the United States has already responded [at Docket Entry No. 62].

The first sentence of Paragraph 6 of 28 U.S.C. § 2255 is that "[a] 1-year period of limitation shall apply to a <u>motion</u> *(emphasis added)* under this section." In this case, the respondent argues that a writ of error <u>coram nobis</u> is tantamount to a "motion." We have rejected the argument for the reasons indicated above. In any event, a careful reading of the above argument reveals that the respondent would have this court apply the statute of limitations separately as to each claim presented in the "motion" rather than to the "motion" itself. Given this logic, the claims presented in the original petition are timely pursuant to subsection 4 of the statute, which the respondent apparently concedes, but the new claims are untimely pursuant to subsection 1. The magistrate judge concludes that the respondent's position is without merit because 1) it is contrary

7

to the plain language of the statute, 2) the respondent cites no authority and the undersigned is aware of no authority for application of different subsection of the statute to different claims presented in the same motion, and 3) the claims presented in the original petition and the ineffectiveness claims presented in the affidavit are legally inseparable pursuant to the doctrine enunciated in *Tollett v. Henderson*, supra. The respondent's attempt artificially to separate these claims for purposes of the statute of limitations is unpersuasive. The petitioner is entitled to have her claims evaluated as a whole. The magistrate judge concludes that the running of the statute of limitations with respect to the entire petition was triggered by the Board decision in December of 2004, which the respondent has already conceded constituted newly discovered evidence as contemplated by subsection 4 of paragraph 6 of section 2255. The petition (i.e., "motion") was timely filed.

### Docket Entry No. 75

On June 14, 2006, in anticipation of the foregoing conclusion that the statute of limitations is inapplicable, the undersigned magistrate judge entered an Order that required the respondent to address the merits of the ineffectiveness claims presented in the petitioner's affidavit dated May 12, 2006, if the respondent wished to oppose said claims, and to filed with the court certified transcripts of the arraignment proceedings held on March 16, 2004, before magistrate judge James D. Moyer and of the change of plea proceedings pursuant to Fed.R.Crim.P. 11 held before Judge Moyer on June 8, 2004 (Docket Entry No. 71). The respondent has complied with said Order, arguing that the ineffectiveness claims are without merit (Docket Entry No. 75). The respondent has attached a copy of the transcript of the change of plea proceedings on June 8, 2004, and has indicated that the transcript of the arraignment proceedings is unavailable (Exhibit No. 1, Docket Entry No. 75).

In her affidavit, the petitioner argues that counsel was ineffective for advising her to plead guilty because "Mr. Radolovich ... deceived affiant into believing [1] [s]he would not be a convicted felon; [2] her record would be expunged; [3] she would not have to make restitution" (Docket Entry No. 66). By way of providing factual support for these contentions, the petitioner has appended to her affidavit transcripts of recordings, apparently unknown to Mr. Radolovich, of out-of-court conversations that occurred between herself and Mr. Radolovich. The respondent does not deny the accuracy of the transcripts. The respondent further acknowledges that "counsel may well have provided [the petitioner] with assistance that falls outside the wide range of reasonable counsel" (Docket Entry No. 75, p. 3).

The substance of the respondent's argument is as follows (Docket Entry No. 75, p. 4):

> Because the Court established Spurling's comprehension of the charge and its ramifications before she entered a voluntary guilty plea [at the "change of plea" proceeding], any prior prejudice resulting from mistakes her counsel made was cured. Her collateral attack therefore must be denied because her claim fails to show the prejudice required under the second prong of [*Strickland v. Washington*, 466 U.S. 688 (1984)].

In *United States v. Foster*, 68 F.3d 86 (4th Cir., 1995), it was held as follows:

> In an attempt to establish prejudice, Foster maintains that if he had been correctly told that he could be sentenced as a career offender, he would not have pleaded guilty, but would have proceeded to trial. However, any misinformation Foster may have received from his attorney was corrected by the trial court at the Rule 11 hearing, and thus Foster was not prejudiced. As we said sitting en banc in *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir., 1992) (en banc), cert. denied, 513 U.S. 1060, 115 S.Ct. 672, 130 L.Ed.2d 605 (1994), "if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant." We similarly held in *United States v. Craig*, 985 F.2d 175, 179-80 (4th Cir., 1993), that "mis-advice respecting sentencing possibilities" could not be a "but for" cause of a guilty plea where the plea is

9

> "based on risk information given ⋯ by the sentencing court." Therefore, if the trial court properly informed Foster of the potential sentence he faced, he could not be prejudiced by any misinformation his counsel allegedly provided him.

In light of the foregoing authorities, the magistrate judge concurs with the respondent that correct information given by the court in a Rule 11 "change of plea" proceeding can correct any misinformation communicated to a claimant by his attorney, thereby negating the "prejudice" component an "ineffective assistance of counsel" claim pursuant to *Strickland*, supra.

The petitioner pled guilty to two counts of 18 U.S.C. § 1920 ("False statement or fraud to obtain Federal employees' compensation"). Any federal crime that carries a maximum penalty of more than one year is defined as a felony. 18 U.S.C. § 3559(a). The following exchanges occurred at the "change of plea" proceeding before Magistrate Judge Moyer:

> **The Court:** ... Both Count 1 and Count 2 carry the same maximum penalty, and that is a prison term not to exceed five years, a fine not to exceed $250,000, and also following any period of imprisonment a period of supervised release being subject to the Probation Office's review for a period not to exceed three years. Do you understand that those are the maximum penalties, ma'am?
>
> **The Defendant:** Yes, sir.
>
> (p. 12)
>
> **The Court:** That will be 10 years if the sentence is run consecutive.
>
> **The Prosecutor:** At paragraph 8 [of the written plea agreement], there is a statement regarding restitution. The amount is $15,955. We understand that there have been and will be payments made towards this restitution.
> ...
>
> **Mr. Radolovich:** [R]estitution is a part of it....
>
> (pp. 15-16)
>
> **The Court:** All right. The other thing I want to ask you is we got this 10-page written agreement signed by counsel and by you, Ms. Spurling. I'm holding it up. What I want to make sure is that this is the whole deal, the entire deal, and that there's nothing beyond this. Am I correct?

10

> **The Defendant:** Yes, Sir.
>
> **The Court:** In other words, there's no side understanding or side agreement or anything that's not in this written document, correct?
>
> **The Defendant:** No.
>
> (p. 18)

There is nothing in the plea agreement about the petitioner's being convicted of a misdemeanor as opposed to a felony, expunging her criminal record, or not having to pay restitution (Docket Entry No. 35). In light of the foregoing, the magistrate judge concludes that the petitioner was adequately apprised of the matters about which she now complains. Hence, any misadvice by counsel in this regard was not prejudicial as contemplated by *Strickland*, supra.

As noted above, the petitioner's original claim was that, in light of the subsequent administrative decision absolving her of civil liability, she could not have formed a criminal intent. To the extent the claim has merit, counsel arguably was ineffective for advising his client to plead guilty to a crime she could not have committed. The magistrate judge concludes that the claim is belied by the following exchanges that occurred at the "change of plea" proceeding before Magistrate Judge Moyer:

> **The Court:** ... I will have to ask you questions about what you did in order to make sure that there's a factual basis for the guilty plea. ... In other words, sometimes people come in and say, well, I didn't do it, but I didn't want to go through this anymore and I'll plead guilty. The Court has a responsibility to accept the guilty plea only from someone whom we understand to have, in fact, done the things they are charged with. It's my job to ask you questions about that. Do you understand that, ma'am?
>
> **The Defendant:** Yes, sir.
>
> (pp. 10-11)

11

>  **The Court:** I think the central part from the standpoint of liability is whether you filled out the form, whether you did that in a knowing and intentional way, and whether that form failed to disclose the secondary employment. ... Is that what happened, ma'am?
>
>  **The Defendant:** Yes, sir.
>
>  **The Court:** Do you acknowledge those facts are true that we just discussed?
>
>  **The Defendant:** Yes, sir.

(p. 23)

The magistrate judge concludes that, in light of her guilty pleas, the only cognizable claims herein are claims of ineffective assistance of counsel. However, in light of the colloquy between the petitioner and the court at her "change of plea" proceeding, the petitioner is unable to establish the prejudice component of her ineffectiveness claims.

### RECOMMENDATION

The magistrate judge RECOMMENDS that the respondent's motion to dismiss the "ineffective assistance of counsel" claims presented in the petitioner's affidavit dated May 12, 2006, as barred by the one-year statute of limitations established by 28 U.S.C. § 2255 (Docket Entry No. 70) be DENIED; that the respondent's motion to dismiss said claims as being without merit (Docket Entry No. 75) be GRANTED; and that the petitioner's petition for writ of error <u>coram nobis</u> be DENIED.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court.  Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections.  A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001.  Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party.  *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).